[No. 8820–3–I.   Division One.   March 31, 1981.]

THE STATE OF WASHINGTON, *Appellant*, v. MARK McALLASTER, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Carol Hepburn* and *Deborah Phillips, Deputies,* for appellant.

*William A. Jaquette* and *Stephanie Searing,* for respondent.

RINGOLD, A.C.J.—The State appeals the juvenile court's order dismissing the charge of burglary because of unreasonable delay between investigation and filing. We find no abuse of discretion by the trial judge and affirm.

The police completed their investigation of the January 13, 1980, burglary on January 25, 1980. The King County Police Department finished typing the report on February 10 and the report reached the King County Prosecuting Attorney's Office on February 13. The information charging the offense was not filed until March 6. When the matter came on for a fact finding hearing at juvenile court on April 21, 1980, McAllaster moved to dismiss the charge on the basis of King County Local Juvenile Court Rule 7.14(b), which provides:

> To Dismiss for Delay in Referral of Offense. The court may dismiss an information if it is established that there has been an unreasonable delay in referral of an offense to the court. For purposes of this rule, a delay of more than two weeks from the date of the completion of the police investigation of the offense to the time of receipt of the referral by the prosecutor shall be deemed prima

facie evidence of an unreasonable delay. . . . Cause for delay may be shown by affidavit.

The court granted the motion to dismiss and the State appeals.

The sole question that we consider to be dispositive of this matter is whether the trial court properly exercised its discretion in dismissing the information pursuant to King County LJuCR 7.14(b). The State in its opening brief concedes that dismissal pursuant to the rule is discretionary. The State then argues that even if the delay is unreasonable, the trial court may still allow the case to proceed to trial on the merits and that the failure of the trial court to employ a balancing test constitutes an abuse of its discretion. Relying on *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972), the State identifies four factors which a court must consider in determining whether there has been a constitutional violation of the right to a speedy trial: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant. The State contends that the trial court considered the dismissal to be mandatory rather than discretionary.

█ As we view the record, the trial court did not consider the dismissal to be mandatory but exercised its discretion in accord with the local rule. *Barker v. Wingo, supra,* is not applicable because it simply defines the factors which should be weighed in determining whether there has been a constitutional speedy trial violation.

The trial court, accepting statements by the prosecuting attorney in lieu of testimony, heard the excuse for the delay and concluded:

THE COURT: Is there an affidavit that has been prepared explaining the reason?

Ms. WALTERS: No, there isn't, Your Honor. My only response to that would be to have myself sworn in and relate to the Court the information which is just as I just gave it to the Court that I received from Detective Peterson. I have no idea other than the simple backlog of the reason that this particular case took that long to

type.

THE COURT: The Court will accept your representation rather than requiring it to be stated under oath. . . . There does not appear to the Court that there is any reason that has been given that would justify that delay. Certainly, all elements of the system are subject to problems in getting their work completed. It appears that from what has been said here that the investigation was closed on the 25th, and that at that point it is possible that the file could have been turned over to the Prosecutor's Office even without the final report being typed.

██ In accord with the local rule, the trial court did consider that "a delay of more than two weeks from the date of the completion of the police investigation . . . to the time of receipt of the referral by the prosecutor shall be deemed prima facie evidence of an unreasonable delay." Use of the word "may" in the first sentence of the rule indicates that the trial court has discretion in deciding whether to dismiss pursuant to the rule. The language within the rule restricts the trial court's discretion by defining what will constitute a prima facie case of unreasonableness, thereby putting the burden on the State to justify the delay.

A *prima facie* case, . . . is one which is established by sufficient evidence, and can be overthrown only by rebutting evidence adduced on the other side.

Black's Law Dictionary 1353 (4th rev. ed. 1968). The only evidence regarding the State's excuse for the delay is the prosecutor's explanation, quoted above. The trial court made a determination that the reasons offered by the State were not enough to rebut the prima facie showing of unreasonableness resulting from the greater than 2 weeks' delay. Having concluded that the delay was unreasonable, the court properly exercised its discretion and dismissed the charge:

Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

558

*State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The trial court proceeded upon tenable grounds and for tenable reasons and did not abuse its discretion.

█ The State here has served and filed a reply brief in which it asserts that: "Abuse of discretion is inherent in any decision based solely upon King County Local Juvenile Court Rule 7.14(b)." The issue of the validity of the rule was not raised by the State in its original appellate brief nor was the issue argued in the trial below. The State has raised this issue for the first time in its reply brief. All of the arguments raised in the original State's brief and respondent's brief assume the validity of King County LJuCR 7.14. The State has not conformed to RAP 10.3(c) in its reply brief, and we therefore grant the respondent's motion to strike the State's reply brief.

Affirmed.

WILLIAMS and CALLOW, JJ., concur.