[No. 12640-7-I.   Division One.   June 18, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ERCELL JAMES TERRELL, *Appellant.*

*Randy Barnard,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Scott McKay, Deputy,* for respondent.

SCHOLFIELD, J.—Ercell Terrell appeals his juvenile court conviction for second degree assault, alleging the trial judge erred in refusing to dismiss the action pursuant to King County Local Juvenile Court Rule (LJuCR) 7.14(b).

On May 23, 1982, an altercation took place between Terrell and another juvenile. The other young man was seriously injured, the police were summoned and Terrell was arrested. On May 28, 1982, the police completed their investigation and forwarded their report to the prosecuting attorney's office. The report was received on June 3, 1982.

The prosecuting attorney's office reviewed the case and determined that Terrell should be charged with second degree assault, a felony. On June 15, 1982, the prosecuting attorney's office notified the police of its charging decision and requested that the police submit a felony face sheet. A felony face sheet summarizes the important data acquired by the police in their investigation. It lists the name, address and telephone number of the victim, the accused and all witnesses. It also outlines the substance of the testimony of each witness. Felony face sheets are required by the prosecuting attorney's office in all cases in which a felony is charged.

The prosecuting attorney's office received the felony face sheet on July 13, 1982. An information charging Terrell with second degree assault was filed on July 23, 1982.

Terrell moved to dismiss pursuant to LJuCR 7.14(b), which provided on September 16, 1982, the date of Terrell's motion:

> The court may dismiss an information if it is established that there has been an unreasonable delay in referral of an offense to the court. For purposes of this rule, a delay of more than two weeks from the date of the completion of the police investigation of the offense to

the time of receipt of the referral by the prosecutor shall be deemed prima facie evidence of an unreasonable delay. Failure to comply with this rule shall constitute an affirmative defense which must be raised by motion not less than one week before trial. Cause for delay may be shown by affidavit.

The trial judge denied Terrell's motion, holding that the case had been referred within the time requirements of the rule or, in the alternative, the State had shown good cause for the delay.

Terrell contends that the trial court abused its discretion in denying his motion to dismiss. He contends that the delay was prima facie unreasonable and the policy requiring the police to prepare a felony face sheet was not sufficient "cause" to delay referral.

Terrell contends that the delay was prima facie unreasonable because the police completed their investigation on May 28, 1982, and the prosecuting attorney's office did not receive a felony face sheet until July 13, 1982, 46 days later. He argues that the investigation report received on June 3, 1982 was inadequate for prosecution because it did not contain a felony face sheet and therefore it was inadequate for purposes of the rule.

Dismissal pursuant to LJuCR 7.14(b) lies within the sound discretion of the trial court. *State v. McAllaster,* 31 Wn. App. 554, 557, 644 P.2d 677 (1981). The trial court's discretion is restricted, however, by a delay of more than 2 weeks between the completion of the investigation by the police and the receipt of the investigation report by the prosecuting attorney's office. Such a delay is prima facie unreasonable and must be justified by the State. *State v. McAllaster, supra* at 557.

■ We do not agree that the initial referral by the police in this case was inadequate for purposes of the rule because it lacked a felony face sheet. There is no evidence in the record that the police are required to submit a felony face sheet with each investigation report. The prosecuting attorney's office, not the police, determines whether a fel-

ony or misdemeanor will be charged. Indeed, in this case the prosecuting attorney's office first decided to charge simple assault, a misdemeanor, and only after further consideration decided to charge second degree assault, a felony. A felony face sheet was not required until the prosecuting attorney's office requested one on June 15, 1982. The initial referral by the police was timely because it was received 6 days after the police completed their investigation, well within the 2 weeks required under the rule.

Terrell contends that even if the initial referral were timely, the 28–day period from June 15, 1982, when the prosecuting attorney's office requested a felony face sheet, until July 13, 1982, when the face sheet was received, constitutes a prima facie unreasonable delay.

Again, we do not agree. Under LJuCR 7.14(b), the only delay that is *prima facie* unreasonable is a delay of more than 2 weeks between the completion of the investigation by the police and the receipt of the referral by the prosecuting attorney's office. Whether the delay that occurred after the prosecuting attorney's office requested a felony face sheet was unreasonable, and whether the State justified that delay, was in the discretion of the trial court. When a trial court's decision or order is a matter of discretion, it will not be disturbed on review except upon a clear showing of abuse of discretion. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

We find that the trial court did not abuse its discretion in this case. It is clear to us from the language of LJuCR 7.14(b) that it was directed toward unreasonable delays by the police in initially referring cases to the prosecuting attorney's office. The delays in this case all occurred after the initial referral. Certainly, the police are not to be commended for requiring 28 days to prepare a 1–page felony face sheet; however, considering the language of the rule and our interpretation of its purpose, we cannot say that the trial court abused its discretion.

Judgment affirmed.

SWANSON and ANDERSEN, JJ., concur.